THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FERDINAND RAMOS, Defendant and Appellee.

No. 10469.   Argued May 5, 1944.—Decided May 8, 1944.

*Alfonso Lastra Charriez* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Ferdinand Ramos was convicted by a jury of the offense of assault to commit manslaughter and sentenced by the trial court to two years' imprisonment in the penitentiary. Upon the parties submitting, on the same evidence, two complaints against the defendant for the unlawful carrying of a firearm and for failure to register the same, he was also found guilty and sentenced to three months' imprisonment in jail for each of these cases. The defendant also filed a motion for a new trial which was denied and, thereupon, he appealed from the three judgments to this court, prosecuting the three appeals jointly.

The only error assigned by the appellant is that the verdict rendered by the jury in the felony case is contrary to the evidence. We have examined the transcript of the evidence and it appears that on March 12, 1942, the defendand fired several shots at Abraham Robles with a pistol inflicting two wounds on his left thigh which wounds affected his bladder and rectum seriously. The incident took place on Luna Street in San Juan. The appellant contents that he acted in self-defense, since it was Robles who fired the the first shots with a revolver and then he fired at the latter, and that Robles was charged on these same facts for the offenses of attempt to commit murder, carrying a weapon. and failure to register the same.

It is obvious that if the jury believed the evidence for the prosecution, as it did, the theory of self-defense adduced by the appellant was completely disregarded. The fact that the district attorney charged Robles with an attempt to commit murder on the same facts and that the information in

said case was introduced as evidence by the appellant, does not mean that the jury was compelled to accept as true the allegations contained in said information. What appears from the verdict in the case at bar is that the jury did not believe the theory of the appellant notwithstanding the contradictory action of the district attorney. And as correctly stated by the *Fiscal* of this court: " . . . the error of a district attorney of charging two persons with irreconcilable evidence, may never be a defense for either person at the trial of the cause brought against him by the district attorney," if the jury does not believe the evidence introduced to sustain that the facts occurred as alleged in the other information.

█ The appellant has not assigned any error as to the cases of carrying a weapon and the failure to register it, submitted on the same evidence as the felony case, and consequently the judgments appealed from must be affirmed.